**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| HAROLD DEAN YOUNG, | : | Case No. 2:25-cv-1459 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| CITY OF COLUMBUS, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER and REPORT AND RECOMMENDATIONS**

Plaintiff, proceeding without the assistance of counsel, has filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983.  By separate order he was granted leave to proceed *in forma pauperis*.  (Doc. 7).  Plaintiff's claims stem from what he calls an unlawful arrest, detention, and seizure of property on November 19, 2025, that led to police releasing Plaintiff in freezing 44-degree rain, wearing only shorts and a t-shirt and in distress—crying, humiliated, and begging for help.

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Also before the Court are Plaintiff's: Emergency Motion for Preservation of Evidence (Doc. 2); Motion to Obtain Electronic Case Filing Rights (Doc. 3); Motion to Expedite Consideration (Doc. 4); and Request for Subpoena (Do. 5).  For the reasons set forth below, the Undersigned **RECOMMEDS** that Plaintiff's Complaint be **DISMISSED without prejudice** for failure to state a claim.

**I.     Screening Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id*.; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Allegations and Parties

Plaintiff states that on November 19, 2025, he received notice from the Franklin County Municipal Court that he was to be arraigned on December 4, 2025, for traffic violations charged on July 22, 2025.[1] (Doc. 8 at 4). Despite that scheduled arraignment, Columbus Police arrested

---

[1] According to publicly available on-line judicial records, Plaintiff was charged with No Operator's License, Stop – Sidewalk Area, and Tag Violations. https://www.fcmcclerk.com/case/view This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Plaintiff on November 19, 2025, and seized and impounded his vehicle that was parked at a private residence.  (*Id*. at 4–5).  Plaintiff contends that the warrant was unlawful, not just because he already had an arraignment date scheduled, but also as evidenced by the fact that all charges against him were dismissed on November 21, 2025.  Plaintiff also asserts that Columbus Police wrongfully impounded his vehicle because it had been parked on private property, officers provided no paperwork or explanation, and officers did not tell Plaintiff where his vehicle had been taken.  (*Id*. at 5).

Plaintiff next challenges the circumstances of his release.  Specifically, he states that he was released from the James A. Karnes Correctional Center on November 20, 2025, at approximately 8:30 p.m.  He contends that police released him when it was 44 degrees outside and raining, even though he was wearing only shorts and a t-shirt from having been processed in jail.  He states that his two cell phones were nearly dead and that no one answered his calls, due to the late hour, forcing him to walk in freezing rain, soaked and shivering and unable to feel his hands or feet.  He asserts that he was crying and screaming for help, as observed by several citizens, and that multiple officers in vehicles passed by him and ignored his distress and obvious signs of emergency.   Plaintiff states that he felt humiliated, terrified, physically endangered, and emotionally broken.  He also states that he feared hypothermia, or even death, to being abandoned in the cold.

Plaintiff names as Defendants: the City of Columbus, Ohio, as responsible for police training, supervision, policies, and customs; Franklin County Municipal Court, for negligently failing to update warrant records and activating an invalid warrant; Columbus Police Department Officer Joshua Bell (#2900), and Officers #2427, #1275, #1378, #2522, #2517, and #3211 for

4

participating in Plaintiff's arrest, the impoundment of his vehicle, and the reckless endangerment to which Plaintiff was subjected; and Columbus Police Department John Doe Officers 1–10 also involved in Plaintiff's  unlawful seizure, detention, release, and property deprivation.  (Doc. 8 at 1–4).

In relief, Plaintiff requests: $200,00 in compensatory damages; $5,000 in punitive damages per officer (#2900, #2427, #1275, #1378, #2522; #2517; #3211); and any other relief the Court finds proper. (*Id*. at 7).

## III.    Analysis

Based on the above allegations, Plaintiff raises in Count I a Fourth Amendment claim of unlawful seizure; in Count II Fourteenth Amendment Claims of due process violations; in Count III a *Monell* liability claim against the City of Columbus; and in Count IV state law claims of negligence and intentional infliction of emotional distress.

For the following reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

### A.     Official Capacity

As a preliminary matter, Plaintiff does not state whether he is suing the Defendants in their official capacities or their individual capacities.  However, Plaintiff's claims against Defendants in their official capacities are subject to dismissal to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (and cases cited therein); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.

5

*See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Because all of the properly named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages, the claims against the properly named Defendants in their official capacities should **be DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(iii).

### B.     Improperly Named Defendants

Plaintiff names the City of Columbus as a Defendant as responsible for Columbus Police Department training, supervision, polices, and customs. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating any of the following: "(1) the existence of an illegal official

6

policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff states in conclusory fashion that "Defendant City of Columbus is responsible for CPD [Columbus Police Department] training, supervision, policies, and customs." (Doc. 8 at 5). However, "[t]he inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) (additional citations and quotation marks omitted)). Critically, to establish deliberate indifference, a plaintiff "'must show prior instances of unconstitutional conduct demonstrating that the [official and/or government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller*, 606 F.3d at 255 (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)). Here, Plaintiff has not plausibly alleged any facts demonstrating the existence of a policy or custom of inadequate training or supervision, that the City of Columbus ignored a history of abuse, or that the City of Columbus was clearly on notice that the training of the CPD was deficient and likely to lead to improper arrests, detentions, seizures of property, negligence, or intentional infliction of emotional distress. That being so, Plaintiff fails to state a *Monell* claim against the City of Columbus. The Undersigned **RECOMMENDS** that Plaintiff's claims against the City of Columbus be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Plaintiff also names the Franklin County Municipal Court as a Defendant, arguing that it negligently failed to update warrant records and activated a warrant despite Plaintiff having a valid future arraignment date. (Doc. 8 at 4). He asserts that his arrest under a warrant that was invalid, unlawful, outdated, and contradicted by an active court date violated his Fourth Amendment right against unlawful arrest and seizure. (*Id*. at 6).

A court is not an entity that is capable of being sued. It has long been settled that a court "is not *sui juris*. A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. U.S.*, 158 U.S. 278, 284 (1895), quoted in *Malone v. Court of Common Pleas*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (Ohio 1976). Therefore, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973); *Gist v. Butler County Juvenile Court*, No. 1:25-cv-325, 2025 WL 18228776, at *3 (S.D. Ohio June 2, 2025) (collecting cases), *report and recommendation adopted Gist v. Butler County Juvenile Court*, No. 1:25-cv-325, 2025 WL 18228363 (S.D. Ohio July 2, 2025). The Undersigned is not aware of any such statutory authority. Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims against the Franklin County Municipal Court be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(ii).

### C.    Remaining Defendants

The remainder of Plaintiff's claims against the Officer Defendants must be dismissed for failure to state a claim upon which relief can be granted. To state a claim against a defendant in his or her individual capacity, a plaintiff must allege personal involvement by the defendant in

8

causing Plaintiff's injury.  *Hardin v. Straub*, 954 F.2d 1193, 1196-98 (6th Cir. 1992).  A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct.  *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) ("There is no claim in this case that the Sheriff directly participated in or encouraged the alleged deprivations of Leach.").  "A plaintiff, even one proceeding *pro se*, must plead sufficient facts to show how each defendant allegedly violated plaintiff's rights."  *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *18 (S.D. Ohio Mar. 17, 2023) (citations omitted), *report and recommendation adopted Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 6065130 (S.D. Ohio Sep. 18, 2023).  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."  *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted).  *See also, Marshall v. Westcomb*, No. 2:25-cv-144, 2025 WL 2166304, at *6 (W.D. Mich. July 31, 2025) ("Furthermore, any '[s]ummary reference to a single, five-headed "Defendants" does not support a reasonable inference that each Defendant is liable . . . ." *Boxill [v. O'Grady]*, 935 F.3d [510,] 518 [(6th Cir. 2019)] (citation omitted)).

Here, Plaintiff lists as Defendants several Columbus Police Officers—one identified by name and six identified by badge numbers—and states that they "all participated in the arrest, impound, or reckless endangerment." (Doc. 8 at 4).  He also lists ten John Doe Officers, asserting that they were "involved in Plaintiff's unlawful seizure, detention, release, or property deprivation." (*Id.*).  These conclusory assertions are insufficient to support an inference that every Defendant violated Plaintiff's rights—when Plaintiff offers allegations ranging from his

9

arrest, to the seizure of personal property and the impound of his car, to his release into freezing rain wearing only shorts and a t-shirt, and to officers driving by and ignoring his obvious distress. The Undersigned is not unsympathetic to the difficulties Plaintiff might face in trying to pinpoint how each Officer Defendant participated in the actions that violated Plaintiff's rights. But that is a basic pleading standard even *pro se* plaintiffs must satisfy in order for a case to proceed. *Martin v. Overton*, 391 F.3d 710,714 (6th Cir. 2004) (citation omitted). And while the discovery processes attendant to a federal court case may be utilized to develop facts once a party states a plausible claim, they may not be used to determine if a party can state a plausible claim. *See Lewis v. Tyrant*, No. 5:16-cv-03224-RBH-KDW, 2016 WL 7118558, at \*3 (D.S.C. Nov. 4, 2016), *report and recommendation adopted sub nom.*, *Lewis v. Williams*, No. 5:16-cv-03224-RBH, 2016 WL 7104927 (D.S.C. Dec. 6, 2016) ("As currently drafted, however, Plaintiff's Complaint resembles a prohibited fishing expedition rather than a properly pleaded complaint"); *see also Capalbo v. Hollingsworth*, No. Civ. A. No. 13-3291 (RMB), 2013 WL 6734315, at \*5 (D.N.J. Dec. 19, 2013) (same).

### D. State Law Claims

Finally, the Court should decline to exercise jurisdiction over Plaintiff's remaining state-law claims for negligence and intentional infliction of emotional distress. Because no federal questions remain, Plaintiff's state-law claims against Defendants should be dismissed as well. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)

10

("Generally, if the federal claims are dismissed before trial, the state law claims should be dismissed as well." (cleaned up and internal quotation omitted)).

## V. Conclusion

The Undersigned concludes that Plaintiff's Complaint should be **DISMISSED without prejudice** for failure to state a claim against the Defendants capable of being sued in their individual capacities.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** the Complaint **without prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Emergency Motion for Preservation of evidence (Doc. 2); Motion to Obtain Electronic Case Filing Rights (Doc. 3); Motion for Expedited Consideration (Doc. 4); and Request for Subpoena (Doc. 5) are **DENIED as moot**.

**IT IS SO ORDERED.**

Date: March 26, 2026                    /s/Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).